**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| D.B.E. Electric Corp.,<br><br>Plaintiff,<br><br>-v-<br><br>Lalita 8922 Investments, LLC,<br>Laline Camacho,<br><br>Defendants. | | 2:25-cv-4759<br>(NJC) (ARL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff D.B.E. Electric Corp. ("D.B.E.") brings this action against Defendants Lalita 8922 Investments, LCC ("Lalita 8922 Investments") and Laline Camacho. (Sec. Am. Compl. ("SAC"), ECF No. 11.) The SAC invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). On February 2, 2026, the Court issued an Order requiring D.B.E. to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 23.) On February 11, 2026, Plaintiff responded with a sworn affidavit attesting to a variety of facts pertinent to the issues identified in the Order to Show Cause. (Ltr. Opp. to Court's Order to Show Cause ("Response"), ECF No. 24.)

D.B.E.'s Response fails to establish that this Court has diversity jurisdiction. It also fails to show that jurisdictional discovery is warranted. Accordingly, the case is dismissed without prejudice to refiling in the proper forum for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**LEGAL STANDARDS**

This Court has an independent obligation to determine whether it possesses subject matter jurisdiction over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Determining whether there is complete diversity requires assessing the citizenship of each party. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Van Buskirk*, 935 F.3d at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321,

at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

The requirement that the citizenship of a limited liability ("LLC") company be established by the citizenship of *each* of its individual members is also "scrupulous[ly] enforce[d]." *Platinum-Montaur*, 943 F.3d at 619. Indeed, the Second Circuit has acknowledged that this requirement "may make it more difficult" for LLCs "to sue or to be sued in federal court under diversity jurisdiction." *Id*. But "that is the way Congress wants it" and it "is not up to the courts to amend the statute to increase the reach of federal jurisdiction." *Kenshoo, Inc. v. Aragon Advert.*, LLC, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022). Therefore, in order to establish diversity jurisdiction, the plaintiff "must identify each member of the LLC and properly plead each member's citizenship." *Id.* at 180; *see also Beristain v. 103 Ditmas LLC*, No. 25-cv-727, 2025 WL 524660, at *1 (E.D.N.Y. Feb. 18, 2025) (holding that this requirement is not excused by the fact that most "[p]ublic filings for LLCs generally do not disclose" who their members are).

"A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003); *Parker v. Bursor*, No. 24-cv-0245, 2024 WL 4850815, at *3 (S.D.N.Y. Nov. 21, 2024) ("District courts enjoy broad discretion in deciding whether and to what extent to permit jurisdictional discovery."). The Second Circuit has recognized that when permitting jurisdictional discovery to determine the citizenship of an LLC, the district court's "discretion should be exercised with caution." *Platinum-Montaur*, 943 F.3d at 618; *see also Northfield Ins. Co. v. GM Star Constr., Inc.*, 532 F. Supp. 3d 73, 74 (E.D.N.Y. 2021) ("Such discretion has to be carefully exercised" and "introducing a mini-litigation on the threshold issue of diversity of citizenship should be avoided if possible" because litigation "can be complex enough" without litigation "just to get to square one . . . the existence of diversity."). Moreover, "conclusory non-fact-specific jurisdictional allegations are not sufficient to justify jurisdictional discovery." *Parker*, 2024 WL 4850815, at *3.

## DISCUSSION

D.B.E. has established that the amount in controversy exceeds $75,000 for the reasons set forth in the Order to Show Cause. (Order to Show Cause at 4.) D.B.E.'s Affidavit establishes that Camacho is domiciled in Florida because D.B.E. attaches an email from Camacho in which she states that she "received two letters at [her] home, where [she] ha[s] lived with [her] family for over four years," and the "letters" being referred to were sent to 7823 W. 33rd Lane, Hialeah, Florida. *See* Affidavit ¶¶ 8–9; Email from Camacho, Aff. Ex. F, ECF No. 24-6; *see also Van Buskirk*, 935 F.3d at 53 (holding that a person's domicile is "where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of

returning"). However, D.B.E. has failed to establish the citizenship of Lalita 8922 Investments.

Moreover, D.B.E.'s request for jurisdictional discovery is denied.

D.B.E. submits the following evidence in support of Lalita 8922 Investments' citizenship:

1. Lalita 8922 Investments' Articles of Organization ("Articles"), which state that Camacho is "the member *or* authorized representative submitting these Articles of Organization and affirm that the facts stated herein are true." (ECF No. 24-2 at 2 (emphasis added)). The Articles also lists Camacho's title as "AMBR," which is short for "Authorized Member." *See* Title Abbreviations, Fl. Dep't of State, https://dos.fl.gov/sunbiz/search/guides/corporation-records/title-abbreviations/ (last visited, Mar. 31, 2026).

2. Lalita 8922 Investments' 2023 Florida Limited Liability Company Annual Report ("2023 LLC Report"), which lists Camacho as Lalita 8922 Investments' registered agent and her title as "AMBR." (ECF No. 24-3 at 2). Camacho also signed the 2023 LLC Report as "a managing member *or* manager of the limited liability company[.]" (*Id*. (emphasis added).)

3. Lalita 8922 Investments' 2025 Florida Limited Liability Company Reinstatement ("2025 LLC Reinstatement"), which lists Camacho as Lalita 8922 Investments' registered agent and her title as "AMBR." (ECF No. 24-4 at 2). Camacho also signed the 2024 LLC Reinstatement as "a managing member *or* manager of the limited liability company[.]" (*Id*. (emphasis added).)

4. An email that Defendant Camacho sent to Plaintiff's counsel in which Camacho states that she is the "owner" of Lalita 8922 Investments LLC, and that she received the summons and complaint that Plaintiff's counsel sent to her "home" in Florida, where she "ha[s] lived with [her] family for over four years." (ECF No. 24-6 at 3).

Plaintiff argues that the Articles, 2023 LLC Report, and 2025 LLC Reinstatement all list Camacho, who is domiciled in Florida, as an "AMBR" which, on Plaintiff's information and belief, stands for "Authorized Member." (*See* Affidavit ¶ 4; Articles at 3; 2023 LLC Report at 2; 2025 LLC Reinstatement at 2.) Further, D.B.E. argues that "Camacho *appears* to be the sole member of Lalita and domiciled in Florida" and that "there is no indication that Lalita has any other members" other than Camacho. (Affidavit ¶¶ 8, 10.)

D.B.E. is correct that "AMBR" means that Camacho is an "Authorized Member." *See* Fla. Dep't of State, https://dos.fl.gov/sunbiz/search/guides/corporation-records/title-

abbreviations/ (last visited, Apr. 15, 2026) (defining "AMBR" as "Authorized Member"). Accordingly, the record establishes that Lalita 8922 Investments is a citizen of Florida by virtue of Camacho's citizenship. However, D.B.E. fails to establish that Camcho is Lalita 8922 Investments' *only* member. Rather, it argues only that it "appears" Camacho is the sole member of the LLC and that there are no "indications that Lalita has any other members." (Affidavit ¶¶ 8, 10.) But to establish diversity jurisdiction, the plaintiff must affirmatively "identify *each* member of the LLC and properly plead each member's citizenship." *Kenshoo, Inc.*, 586 F. Supp. 3d at 180. Moreover, D.B.E.'s allegation that Camacho "appears" to be the sole member of Lalita 8922 Investments amounts to an allegation made upon the information and belief, and such allegations are insufficient to establish the citizenship of any party, including Lalita 8922 Investments. *See Snyder Corp. v. Fitness Ridge Worldwide*, LLC, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient). As such, D.B.E. fails to adequately establish the citizenship of Lalita 8922 Investments.

D.B.E. requests leave to conduct jurisdictional discovery into order to secure additional facts that would establish diversity jurisdiction. (*Id*. ¶ 11.) D.B.E.'s assessment that Camacho "appears to be the sole member of Lalita" is based on an email sent to D.B.E.'s counsel in which Camacho "states she is the owner of Lalita." (*Id*. ¶ 8.) But Camacho's email addresses only Lalita 8922 Investments' ownership—not the number of members that form the LLC or the citizenship of such members. D.B.E.'s "conclusory non-fact specific" argument that Lalita 8922 Investments has only one member is "not sufficient to justify jurisdictional discovery." *Parker*, 2024 WL4850815, at *3. While the Second Circuit has recognized that "scrupulous enforcement

of these jurisdictional rules may make it more difficult for many business entities to sue or to be sued in federal court under diversity jurisdiction," it nonetheless cautioned that when permitting jurisdictional discovery to determine the citizenship of an LLC, the district court's "discretion should be exercised with caution." *Platinum-Montaur*, 943 F.3d at 618–19. Here D.B.E. has not shown that this Court should exercise its "broad discretion" to permit jurisdictional discovery. *Parker*, 2024 WL 4850815, at *3. Accordingly, D.B.E.'s request for jurisdictional discovery is denied.

### CONCLUSION

D.B.E. has failed to establish that the parties to this action are completely diverse as required for jurisdiction under 28 U.S.C. § 1332(a). It has also failed to show that jurisdictional discovery is warranted. This action is therefore dismissed without prejudice to refiling in the proper forum for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P.

Dated: Central Islip, New York
April 16, 2026

                                         */s/ Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge